Samuel M. Gold, J.
In this article 78 proceeding the petitioner landlord seeks an order reviewing and annulling the determination of the respondent Bent Administrator which on protest, affirmed the determination of the District Bent Director that denied petitioner landlord’s application for a rent increase for major capital improvements made in the premises. The facts herein are not in dispute. The sole question presented is the reasonableness and legality of that provision of Administrator’s Interpretation No. 8 promulgated by respondent February 28, 1964, which provided in pertinent part that increases in maximum rentals to be allowed thereunder would be applicable only to replacements or modernizations of heating systems where the work was commenced on or after May 1, 1963. It is clear that in the instant case petitioner’s work was commenced and completed in the Summer of 1962. At that time he installed a new oil burner to take the place of his old coal heating system. The petitioner landlord asserts that the Interpretation of respondent above referred to, to be considered reasonable, must provide for rent increases for capital improvements “ made within a period of at least 24 months before the issuance of the said Interpretation Number 8 on February 28, 1964.”
A statement of the history preceding the promulgation of the Interpretátion and of the basis therefor, is necessary to understand the contentions of both parties. When rent control was first initiated, increases of maximum rentals were not granted for modernizations of heating plants due to the fact that by such modernizations, tenants were not being benefited, for, in most instances, the modernizations effected only a substitution for a system which had provided heat to them in the past and because landlords were otherwise guaranteed adequate compensation under the rent laws. This rule was judicially approved (Matter of Edward Stephen, Inc. v. McGoldrick, 1 A D 2d 890; Matter of Lubitz Bros. v. Abrams, 286 App. Div. 871, mot. for lv. to app. den. 286 App. Div. 968). However, in 1963, when it was *125 recognized that rent control was more than a temporary measure and when the effects of lack of improvements made by landlords since the enactment of the rent control statutes became apparent through the evident obsolescence of much of the equipment in multiple residence, the Administrator reconsidered this policy. Many factors, in addition to the above, led to this reconsideration, among them being an overwhelming number of complaints of insufficient heat reported to the Department of Health; a vast number of fires and near-fires in heating equipment reported by the Fire Department and many complaints of air pollution arising out of obsolescent heating equipment used in multiple residences reported by the Department of Air Pollution Control. Therefore, after reconsideration, the Administrator promulgated Interpretation No. 8 which permitted adjustments in maximum rents where modernization was necessary. However during the course of the studies which preceded the promulgation of this Interpretation, and because the fact that a change in policy was being considered was well known to persons in the industry, the Administrator determined that adherence to the usual rule of allowing rent increases only for work performed after promulgation of the regulation allowing same, was not desirable. Bather, it was determined, that deviation from the normal rule in this respect was warranted to encourage modernization during the period that the technical aspects concerning the manner of implementation of the regulations were being formulated. After full consideration of the various alternatives and a study of the time period of the year during which modernization of heating systems was usually made, it was determined to fix the May 1, 1963 date set forth in the Interpretation as the cut-off date for allowance of increase. Those who had performed work prior to May 1, 1963 could not have been aware of the consideration of a pending change in the policy of allowing increases for such modernizations. Petitioner cannot claim an inequity to it on that basis nor can it claim any change in regulations to its detriment for, in 1962, when the work on petitioner’s heating plant was performed, no rent adjustment therefor was allowable.
It is certainly not for this court to attempt to fix the mechanics by which rent increases should be allowed in an area so fraught with technical problems as that posed in the instant case. The administrative determination in this respect is reasonably based. This court does not have available the technical knowledge .by which it can determine which of the numerous alternative dates should be enforced. In this respect, the court may not set aside the legislative action taken nor attempt to fix a new cut-off date *126 for the retroactive application of the new policy incorporated in Interpretation No. 8. (See Simonson v. International Bank, 14 N Y 2d 281; Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1.) Accordingly, the petition is dismissed.